IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|                           |   |                              |
|---------------------------|---|------------------------------|
| GARY JAMES                | : |                              |
|                           | : |                              |
| v.                        | : | Civil Action No. DKC 24-2058 |
|                           | : |                              |
| FRANKLIN PARK AT GREENBELT| : |                              |
| STATION, et al.           | : |                              |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this rent dispute case brought by Plaintiff Gary James ("Plaintiff") is the unopposed motion to dismiss filed by Defendants Franklin Park at Greenbelt Station ("Franklin Park"), Empirian Village of Maryland, LLC ("Empirian"), and Fieldstone Properties I, LLC ("Fieldstone," and collectively, "Defendants"). (ECF No. 15). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to dismiss will be granted.

**I.   Background[1]**

Despite the volume of Plaintiff's papers, the facts alleged are sparse and vague. Plaintiff, proceeding *pro se*, entered into a rental lease agreement with Franklin Park on January 30, 2024,

---

[1] The following facts are set forth in the complaint and supplemental filing and construed in the light most favorable to Plaintiff.

to rent a property from Franklin Park. (ECF No. 6 ¶ 8).[2] Plaintiff alleges that Franklin Park is a debt collector under the Federal Fair Debt Collection Practices Act ("FDCPA") because Franklin Park "[e]xtends credit, which is defined as the right granted by a creditor, to a debtor, to incur debt, and defer its payment for debts of apartment leasing," and also "collects its own debts arising from rental lease agreements, including using another name 'APS LLC.'" (ECF No. 6 ¶ 6).

Plaintiff alleges that he signed a lease agreement, and the lease agreement also "required [Franklin Park] to sign a renewal lease addendum within 15 days of receipt, pursuant to Maryland Commercial Law, Section 12-605, in order for the renewal terms to be valid and enforceable." (ECF Nos. 1, at 5; 6 ¶ 9). Plaintiff alleges that Franklin Park's property manager instructed the resident service manager "not to sign the [R]enewal [A]ddendum." (ECF No. 6 ¶ 10). On January 31, 2024, "Plaintiff sent a correspondence notice" to Fieldstone with a copy of the renewal lease addendum he signed to inform Fieldstone of the property manager's "bad faith actions" of instructing the resident service manager not to sign the addendum. (ECF No. 6 ¶ 11).

Plaintiff contends that Franklin Park "failed to sign and deliver the renewal lease addendum to Plaintiff within the

---

[2] The supplement includes two paragraphs numbered "8." This refers to the second paragraph 8.

statutory timeframe, thereby violating Maryland Commercial Law Section 12-605 and rendering the renewal terms unenforceable." (ECF No. 6 ¶ 12). Plaintiff alleges that Fieldstone "allowed the new rent increase pricing to go into effect, but still grossly failed to sign the rental lease addendum sales installment agreement." (ECF No. 6 ¶ 11).

Plaintiff contends that "[d]espite the unenforceable nature of the renewal terms, [Franklin Park and Empirian] attempted to enforce the terms and collect rent from Plaintiff." (ECF No. 6 ¶ 13). Franklin Park and Empirian, "through their agents, sent Plaintiff unlawful documents and engaged in numerous attempts to collect the debt, totaling 67 instances, in violation of federal consumer protection laws." (ECF No. 6 ¶ 14). Plaintiff further alleges that Franklin Park and Empirian "utilized the United States Postal Service to mail erroneous documents and engage in fraudulent debt collection practices." (ECF No. 6 ¶ 15). Plaintiff contends that after he "issued a Cease and Desist demand notice," Franklin Park and Empirian "knowingly transferred Plaintiff's personal identifying information to state court in Maryland" "in an attempt to gain rent payments outside of an enforceable contract." (ECF No. 6 ¶ 16). Franklin Park also had "Ashley Robinson"[3] "transfer Plaintiff's personal identifying information" including his name

---

[3] Plaintiff does not appear to identify Ms. Robinson's job title or her relationship to Franklin Park.

and address, without Plaintiff's consent, to a Maryland court in order to receive rent payments from Plaintiff "outside of an enforceable rental lease contract." (ECF No. 6 ¶ 17).

Plaintiff alleges that on May 22, 2024, he requested a "Statement of Account" from Franklin Park under "MD UCC 9-210," but Franklin Park "failed to verify and respond to the affidavit of Statement of Account." (ECF No. 6 ¶ 18). Plaintiff alleges that on April 12, 2024, he sent a five-dollar U.S. Postal money order to Franklin Park "because the alleged rental lease contract was in a bona fide dispute." (ECF No. 6 ¶ 19). Plaintiff alleges that Franklin Park received the money order, but it "failed to update Plaintiff's account ledger and bookkeeping records" and "also failed to provide a receipt of the US Postal money order." (ECF No. 6 ¶ 19). Plaintiff alleges that from March 4, 2024, to April 5, 2024, Franklin Park failed to "[c]ease and [d]esist from communicating with Plaintiff inside a bona fide dispute." Plaintiff further alleges that Franklin Park "continues to communicate unlawfully," violating the "Cease and Desist orders" and the "Fault in Dishonor Affidavit Notice" from April 23, 2024. (ECF No. 6 ¶ 20).

Plaintiff filed a complaint against Defendants on July 16, 2024, for violations of Maryland commercial law, the FDCPA, and the Maryland Consumer Protection Act ("MCPA"), as well as mail fraud, identity theft, and identity fraud. (ECF No. 1). Plaintiff

4

also attached one hundred and one exhibits. That same day, Plaintiff filed a motion for entry of default judgment, a motion for an emergency injunction, and a motion for damages. (ECF No. 3). On July 18, 2024, this court granted Plaintiff twenty-one days to supplement the complaint and clarify the grounds for subject matter jurisdiction. (ECF No. 5). On July 25, 2024, Plaintiff filed a supplement to his complaint, asserting federal question jurisdiction. (ECF No. 6). On July 26, 2024, this court denied Plaintiff's motion for default judgment, an emergency injunction, and damages. (ECF No. 7). On July 26, 2024, Plaintiff filed an emergency motion for an injunction and/or temporary restraining order. (ECF No. 9). On July 29, 2024, this court denied Plaintiff's motion. (ECF No. 10).

On August 22, 2024, Defendants filed a motion to dismiss. (ECF No. 15). On August 22, 2024, Plaintiff was provided with a notice which advised him of the pendency of the motion and his entitlement to respond within twenty-eight (28) days from the date of the letter. (ECF No. 16).[4] To date, Plaintiff has not responded.

## II.  Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Presley v. City*

---

[4] *See Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975).

*of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). "[T]he district court must accept as true all well-pleaded allegations and draw all reasonable factual inferences in plaintiff's favor." *Mays v. Sprinkle*, 992 F.3d 295, 299 (4th Cir. 2021). A plaintiff's complaint needs only satisfy the standard of Rule 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed.R.Civ.P. 8(a)(2)). A Rule 8(a)(2) "showing" requires "stat[ing] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Mays*, 992 F.3d at 299-300 (quoting *Iqbal*, 556 U.S. at 663).

*Pro se* complaints must be construed liberally and must be "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do

so[.]" *Carmax Auto Superstores, Inc. v. Sibley*, 194 F.Supp.3d 392, 401 (D.Md. 2016), *aff'd*, 730 F.App'x 174 (4th Cir. 2018). Despite this liberal construction requirement, however, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). A plaintiff's *pro se* status neither excuses him of his obligation to state a plausible claim nor transforms the court into his advocate. *See Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). When "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of [their] claim which would entitle [them] to relief[,]'" dismissal of a *pro se* complaint is appropriate. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

"As a general rule, the court does not consider extrinsic evidence at the motion to dismiss stage[.]" *Faulkenberry v. U.S. Dep't of Def.*, 670 F.Supp.3d 234, 249 (D.Md. 2023) (quoting *Reamer v. State Auto. Mut. Ins. Co.*, 556 F.Supp.3d 544, 549 (D.Md. 2021), *aff'd*, No. 21-2432, 2022 WL 17985700 (4th Cir. Dec. 29, 2022)). "However, 'the court may consider, without converting the motion to dismiss into one for summary judgment, documents attached to the complaint as exhibits, and documents attached to a motion to dismiss if the document is integral to the complaint and there is

7

no dispute about the document's authenticity.'" *Faulkenberry*, 670 F.Supp.3d at 249 (quoting *Reamer*, 556 F.Supp.3d at 549).  "A document is integral to the complaint if its very existence, and not the mere information it contains, gives rise to the legal rights asserted." *Faulkenberry*, 670 F.Supp.3d at 249 (quoting *Reamer*, 556 F.Supp.3d at 549) (internal quotation marks omitted).

Plaintiff's one hundred and one exhibits are attached to his complaint, and his additional four exhibits are attached to his supplement to his complaint.  Therefore, the court may consider the documents.

## III. Analysis

Plaintiff brings multiple counts, some against both Franklin Park and Empirian (Counts I, III, IV), some against Franklin Park and Fieldstone (Count II), and some only against Franklin Park (Counts V, VI).  In their motion to dismiss, Defendants argue that Plaintiff has failed to state a claim for each count.  (ECF No. 15).  Additionally, Defendants argue that Franklin Park is not a proper defendant that is capable of being sued, and the complaint does not follow local and federal rules.  (ECF No. 15-1, at 5-8).

### A. Franklin Park as a Defendant

Defendants argue that Franklin Park should be dismissed because it is not a legal entity that can be sued.  (ECF No. 15-1, at 5).  Defendants contend that Franklin Park at Greenbelt Station is a trade name for Empirian, and they cite several

lawsuits Plaintiff attached as exhibits to show Franklin Park is a trade name. Defendants argue that a trade name cannot be sued. (ECF No. 15-1, at 5). Defendants are correct. "[A] trade name . . . is not a separate legal entity capable of being sued." *Nammack v. Hampstead Pre-Owned*, No. 19-CV-1798-DKC, 2020 WL 1033589 (D.Md. Mar. 3, 2020) (quoting *Snowden v. CheckPoint Check Cashing*, 290 F.3d 631, 634 n.2 (4th Cir. 2002)). Plaintiff has not responded to Defendants' argument, and accordingly does not contend that Franklin Park is not a trade name. Therefore, Defendant Franklin Park will be dismissed.

### B. Count I: Violations of Maryland Commercial Law, Defendants Franklin Park and Empirian

Plaintiff alleges that Defendant Empirian[5] violated Maryland Commercial Law Section 12-605 by failing "to sign and deliver the renewal lease addendum to Plaintiff within the statutory timeframe." (ECF No. 6 ¶ 12). Plaintiff also refers to the addendum as a "rental lease addendum sales installment agreement." (ECF No. 6 ¶ 11).

Defendants argue that Maryland Commercial Law Section 12-605, codified as the "Retail Installment Sale Act ("RISA"), . . . . does not pertain to residential leases but

---

[5] As set out above, Defendant Franklin Park is dismissed from this lawsuit; therefore, Defendant Empirian is the remaining Defendant for Count I.

rather [to] installment sale agreements." (ECF No. 15-1, at 7). Defendants argue that Plaintiff fails to state a claim upon which relief can be granted because "the [r]enewal [a]ddendum is not an installment sale agreement governed by RISA. (ECF No. 6, at 8). Plaintiff has not responded.

Maryland Commercial Law Section 12-605 governs "installment sale agreement[s]." In relevant part, an "'[i]nstallment sale agreement' means a contract for the retail sale of consumer goods." Md. Code Ann., Com. Law § 12-601(m)(1).

Plaintiff has not alleged that the rental addendum is "a contract for the retail sale of consumer goods," let alone provide any facts to support this allegation. Accordingly, Count I is dismissed.

### C. Count II: Violations of the FDCPA, Defendants Franklin Park, Empirian, and Fieldstone

Plaintiff alleges that Franklin Park and Fieldstone violated sections 1692(c), 1692(d), 1692(e), 1692(f), and 1692(g) of the FDCPA "by failing to validate the debt and continuing debt collection activities despite a bona fide dispute as to the validity of the debt." (ECF No. 6, at 4). Plaintiff alleges that Franklin Park is a debt collector under the Federal Fair Debt Collection Practices Act ("FDCPA") because Franklin Park "[e]xtends credit, which is defined as the right granted by a creditor, to a debtor, to incur debt, and defer its payment for

debts of apartment leasing," and also "collects its own debts arising from rental lease agreements, including using another name 'APS LLC'". (ECF No. 6 ¶ 6).

Additionally, although Plaintiff only brings Count II against Defendants Franklin Park and Fieldstone in his claims for relief section, in his fact section, Plaintiff also alleges that Defendants Franklin Park and Emperian violated § 1692(g) of the FDCPA by sending "Plaintiff unlawful documents and engaged in numerous attempts to collect the debt, totaling 67 instances." (ECF No. 6 ¶ 14). In his complaint, Plaintiff also alleges that he "initiated a debt validation dispute in purview of 15 U[.]S[.]C[.] [§] 1692g, which the Defendant grossly failed to validate and identify." (ECF No. 1, at 5) (all capitalized in original).

Construing Plaintiff's supplement to his complaint liberally, he has brought an FDCPA claim against all three Defendants. As set out above, Defendant Franklin Park is dismissed from this lawsuit; therefore, Defendants Empirian and Fieldstone are the remaining Defendants for Count II.

Defendants argue that Plaintiff fails to state a claim for relief under the FDCPA because Defendants are not debt collectors under the FDCPA, and Plaintiff has not alleged any prohibited activities under the FDCPA. (ECF No. 15-1, at 8).

As this court has previously stated:

11

> "To succeed on a FDCPA claim a plaintiff must
> demonstrate that '(1) the plaintiff has been the object
> of collection activity arising from consumer debt, (2)
> the defendant is a debt [ ] collector as defined by the
> FDCPA, and (3) the defendant has engaged in an act or
> omission prohibited by the FDCPA.'" *Stewart v. Bierman*,
> 859 F.Supp.2d 754, 759 (D.Md. 2012) (quoting *Dikun v.
> Streich*, 369 F.Supp.2d 781, 784-85 (E.D.Va. 2005)).

*Horowitz v. Cont'l Cas. Co.*, No. 14-CV-3698-DKC, 2015 WL
9460111, at *5 (D.Md. Dec. 28, 2015), *aff'd*, 681 F.App'x 198
(4th Cir. 2017).

Under the FDCPA:

> The term "debt collector" means any person who uses any
> instrumentality of interstate commerce or the mails in
> any business the principal purpose of which is the
> collection of any debts, or who regularly collects or
> attempts to collect, directly or indirectly, debts owed
> or due or asserted to be owed or due another. . . . the
> term includes any creditor who, in the process of
> collecting his own debts, uses any name other than his
> own which would indicate that a third person is
> collecting or attempting to collect such debts.

15 U.S.C. § 1692(a)(6).

While Plaintiff alleges that Defendant Franklin Park is a
debt collector under the FDCPA, Plaintiff does not allege that
Defendants Empirian and Fieldstone are debt collectors under the
FDCPA.  As discussed above, Defendant Franklin Park has been
dismissed.  Nevertheless, construing Plaintiff's allegations of
Franklin Park as a debt collector to include Empirian because
Franklin Park is a trade name for Empirian, Plaintiff has not
alleged that Empirian is a debt collector under the FDCPA.

12

Plaintiff has alleged that Franklin Park "[e]xtends credit, which is defined as the right granted by a creditor, to a debtor, to incur debt, and defer its payment for debts of apartment leasing," and also "collects its own debts arising from rental lease agreements, including using another name 'APS LLC.'" (ECF No. 6 ¶ 6). Under the FDCPA, a debt collector is "any person . . . in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692(a)(6). In collecting rent, Empirian, trading as Franklin Park, collects its own debts, not debts owed to another. Plaintiff alleges that Franklin Park collects debt using the name "APS LLC." (ECF No. 6 ¶ 6). Under the FDCPA, even if a person is collecting its own debts, the person can be considered a debt collector if the person "uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692(a)(6).

Although Plaintiff has alleged that Franklin Park collects debt under another name, Plaintiff has not alleged that using this name "would indicate that a third person is collecting or attempting to collect" rent. Plaintiff has not provided any allegations to show he was under any impression that a third party was collecting his rent. Moreover, Plaintiff attaches multiple

"Resident Account Statements" invoicing the balance he owes.  (ECF Nos. 1-14; 1-15; 1-16; 1-17; 1-18).  Although the statements say "APS, LLC" in the top left corner, the statements clearly instruct residents to "Make Payments To: Franklin Park at Greenbelt Station."  (ECF Nos. 1-14; 1-15; 1-16; 1-17; 1-18).  Therefore, Plaintiff has not alleged that Empirian, trading as Franklin Park, collects rent using another name that "would indicate that a third person is collecting or attempting to collect" rent.  Accordingly, Plaintiff has not alleged that any of Defendants are debt collectors under the FDCPA, and Count II is dismissed.

### D. Counts III-IV: Mail Fraud Under 18 U.S.C. § 1341, Identity Theft Under 18 U.S.C. § 1028, 1028A, Defendants Franklin Park and Empirian

Plaintiff alleges that Defendant Empirian[6] violated 18 U.S.C. § 1341 "by using the United States Postal Service to send erroneous documents and engage in fraudulent debt collection practices." (ECF No. 6, at 4).  Plaintiff also alleges that Defendant Empirian violated 18 U.S.C. §§ 1028, 1028A "by knowingly transferring Plaintiff's personal identifying information to state court in an attempt to gain rent payments outside of an enforceable contract." (ECF No. 6, at 5).

---

[6] As set out above, Defendant Franklin Park is dismissed from this lawsuit; therefore, Defendant Empirian is the remaining Defendant for Counts III-IV.

Defendants argue that Plaintiff fails to state a claim under any of these statutes because the statues are criminal statutes with no private right of action. (ECF No. 15-1, at 10). Defendants are correct. 18 U.S.C. §§ 1341, 1028, and 1028A are criminal statutes that do not provide a private right of action. *White v. Soc. Sec. Admin.*, No. 24-CV-00942-SAG, 2024 WL 4041551, at *2 (D.Md. Sept. 4, 2024) (collecting cases and finding that 18 U.S.C § 1028 and 18 U.S.C. § 1041 are "criminal statutes [that] do not provide private rights of action for citizens to bring civil claims"); *Lewis-Davis v. Balt. Cnty. Pub. Sch. Infants & Toddlers Program*, No. 20-CV-0423-ELH, 2021 WL 1720235, at *16 (D.Md. Apr. 30, 2021) (collecting cases and finding that among other criminal statutes, 18 U.S.C. § 1028A "do[es] not provide for a private right of action"). Plaintiff cannot state a claim under these statutes; accordingly, Count III and Count IV are dismissed.

### E. Counts V-VI: Identity Fraud Under Maryland Criminal Law, Violation of the Maryland Consumer Protection Act, Defendant Franklin Park

Plaintiff brings Counts V and VI only against Defendant Franklin Park. As discussed above, Franklin Park is dismissed from this lawsuit; therefore, Counts V and VI are dismissed. Even if these counts are construed against Defendant Experian, they would be dismissed. Count V, like Counts III and IV, purports to be under a criminal statute which does not give rise to a private right of action. Count VI purports to assert a claim under

15

Maryland Commercial Law Article, Sections 13-410 and 13-301(9)
(portions of the Maryland Consumer Protection Act), which apply to
"merchants" that engage in "deception, fraud, false pretense,
false premise, misrepresentation, or knowing concealment,
suppression, or omission of any material fact with the intent that
a consumer rely on the same in connection with" certain types of
transactions.  As noted by Defendants, the complaint is devoid of
necessary fact allegations.

## IV.  Conclusion

For the foregoing reasons, Defendants' motion to dismiss will
be granted.  Plaintiff has not, as noted above, filed anything in
response to the motion to dismiss and has not in any way indicated
that there are additional facts that could prop up this
insufficient complaint by proper amendment.  Thus, the dismissal
is with prejudice and the clerk will be directed to close this
case.  A separate order will follow.


                              _____/s/_____
                              DEBORAH K. CHASANOW
                              United States District Judge